UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RYAN HATCH, ALBAN HATCH, AMERICA HEALTH, INC., AAA AMERICAN HEALTHCARE, LLC dba AMERIHEALTH,[1] STAT DIAGNOSTICS, INC., and AMERICA HEALTHCARE, INC.,<br><br>　　Defendants. | Case No. 4:23-cv-00566-DKG<br><br>**CONSENT JUDGMENT** |

　　Before the Court is the Parties' Joint Motion for Entry of Consent Judgment. (Dkt. 9).[2] The Joint Motion, signed by all parties, requests that the Court enter judgment in favor of Plaintiff United States of America ("United States") and against Ryan Hatch and Alban Hatch ("the Hatches"), and America Health, Inc., AAA American Health Care, LLC dba as AmeriHealth, Stat Diagnostics, Inc., and America Healthcare, Inc. (the

---

[1] These defendants are unrelated to Amerihealth New Jersey Holdings, LLC, AmeriHealth HMO, Inc., AmeriHealth Insurance Company of New Jersey, or Amerihealth Caritas, or any Amerihealth entities related to those named in this footnote.

[2] The parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 12).

CONSENT JUDGMENT - 1

"Corporate Defendants," or together with the Hatches, "Defendants") on Claim 1 in the Complaint ("Complaint"). Having reviewed the Joint Motion and specifically the recitals stated therein, the proposed consent judgment, the Complaint, and the entire record, the Court finds good cause has been shown to grant the Joint Motion and enter this Consent Judgment in accordance with the agreement and consent of the parties.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the Joint Motion for Entry of Consent Judgment (Dkt. 9) is **GRANTED** and its terms are **INCORPORATED** into this Consent Judgment that is **HEREBY APPROVED AND ENTERED** as follows:

## CONSENT JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Judgment is hereby awarded in favor of the United States and against Defendants on Claim 1 in the Complaint. (Dkt. 1 at ¶¶ 46-58).

2. The Parties agree that judgment shall be awarded to the United States and against Defendants, jointly and severally, in the total amount of Two Million Dollars ($2,000,000), and the Court therefore awards judgment in the amount of $2,000,000 in favor of the United States and against the Defendants ("Judgment"). The Parties agree and the Court hereby Orders that the liability amongst the Defendants for the Judgment shall be joint and several.

3. Defendants shall pay the Judgment to the United States as follows:

    a. Within 60 days of the Court's entry of judgment, Defendants will make a $200,000 lump sum payment to the United States. Defendants may thereafter elect Payment Option 1 or Option 2.

    b. <u>Payment Option 1</u>

        i. Within 180 days of the date of the Court's entry of judgment ("Judgment Date"), Defendants will pay an additional $500,000, or more, so that Defendants will have paid at least $700,000 of the $2,000,000 Judgment.

        ii. If Defendants meet their obligations under Payment Option 1 and pay at least $700,000 within 180 days of the Judgment Date, then Defendants shall pay whatever remains of the Judgment thereafter by making annual payments of at least $200,000 per year on or before December 1st of each subsequent year following the year that the parties file the Joint Motion for Consent Judgment. Under Payment Option 1, the first annual payment of $200,000 shall be made on or before December 1, 2024, and thereafter on or before December 1, 2025, December 1, 2026, and so on, until the Judgment is paid in its entirety.

    c. <u>Payment Option 2</u>

        i. If Defendants elect Payment Option 2, or otherwise fail to meet their obligations under Payment Option 1 by failing to pay at least $700,000 within 180 days of the Judgment Date, then

CONSENT JUDGMENT - 3

        Defendants shall pay whatever remains of the Judgment after 180 days of the Judgment Date by making annual payments of at least $360,000 per year on or before June 1st of each year. Under Payment Option 2, the first annual payment shall be due on or before June 1, 2024, and thereafter on or before June 1, 2025, June 1, 2026, and so on, until the Judgment is paid in its entirety.

    d. Annual payments will be made payable to the U.S. Department of Justice and in a manner to be specified by the U.S. Attorney's Office for the District of Idaho within 60 days of the Judgment Date.

    e. Defendants acknowledge, and the Court agrees, that the Judgment is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2) and (a)(7).

4. CONTINUED COOPERATION: Defendants shall continue to cooperate with the United States on related investigations and inquiries.

5. COVERED CONDUCT: In agreeing to entry of this Consent Judgment, the intent of the Parties is to fully and finally resolve all civil liability described in the Complaint. Accordingly, the conduct covered by this Consent Judgment includes all allegations in the Complaint, including Claims 1, 2, 3, 4, and 5 ("Covered Conduct"), even though Defendants deny the conduct alleged in Claims 2, 3, 4, and 5.

6. RELEASE AND RESERVATION OF CLAIMS:

CONSENT JUDGMENT - 4

a. It is the Parties' intent that this Consent Judgment fully resolve Defendants' liability for all Covered Conduct as stated in ¶ 5 (above). Accordingly, and so long as Defendants meet their obligations under this Consent Judgment, the United States agrees to forever release Defendants from civil liability for the Covered Conduct. The United States further releases any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and common law theories of payment by mistake, unjust enrichment, breach of contract, and fraud.

b. Notwithstanding any term of this Consent Judgment, specifically reserved and excluded from the scope and terms of this Release and Consent Judgment as to any entity or person (including all Defendants) are the following:

   i. Any criminal, civil, or administrative claims arising under Title 26 U.S. Code (Internal Revenue Code);
   ii. Any criminal liability;
   iii. Except as explicitly stated in this Agreement, any other administrative liability, including mandatory or permissive exclusion from Federal health care programs;

      iv. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

      v. Any liability related to Defendants' receipt of First or Second Draw PPP loans, other than the Second Draw PPP loan received by Defendant AAA American Healthcare, LLC, as addressed in the Complaint.

7. DEFAULT: Should Defendants fail to make timely payments under either Payment Option 1 or Payment Option 2, Defendants shall be in "Default." If there is a Default, the United States will provide a written Notice of Default (delivered to Defendants[3]) to Defendants. Defendants shall have an opportunity to cure such Default within fourteen (14) business days from the date that the United States mails the Notice of Default by certified, first class U.S. Mail ("Cure Deadline") by making the payment then due under either Payment Option accruing. If Defendants fail to cure the Default by the Cure Deadline, and in the absence of an agreement with the United States to a modified payment schedule, there will be an "Uncured Default." If there is an Uncured Default, then the following provisions will apply:

---

[3] Within 30 days of entry of judgment, Defendants will provide an address to the United States to which the United States will mail any Notice of Default. It will be Defendants' obligation to notify the United States of any changes to the address. Mailing of a Notice of Default to the address provided by Defendants will be deemed Notice to all Defendants. In addition, mailing or delivery of a Notice of Default to Ryan Hatch or Alban Hatch will be deemed notice to all Defendants.

CONSENT JUDGMENT - 6

a. The remaining unpaid balance of the Judgment ($2,000,000) shall be due within 30 days after the default ("30-day Period"). If the Judgment is not paid in full within the 30-day Period, the United States may exercise any means granted by law, or under the terms of this Agreement, or recognizable at common law or in equity, to collect the Judgment. Collection efforts include, but are not limited to, the right to levy execution of the Judgment and enforce the Judgment to the extent allowed by law, including, but not limited to, the United States filing a motion requesting that the Court find Defendant in civil contempt of this Court's Order and Consent Judgment and requesting appropriate penalties. The United States will also be entitled to interest on any unpaid sums after the 30-day Period, at the federal judgment rate of interest or 5% annual interest, whichever is higher. Collection efforts may also include the right to garnish wages.

b. The United States will place Defendants in the Treasury Offset Program.

c. If there is an Uncured Default, Defendants agree and the Court hereby Orders that the Judgment amount automatically increases from $2,000,000 to $2,500,000.

d. The release provisions provided in ¶ 6(a) (above) will not apply and the United States will be free to pursue Claims 2, 3, 4, and 5 as outlined in the Complaint.

CONSENT JUDGMENT - 7

e. The Department of Health & Human Services, Office of the Inspector General (HHS-OIG), may exclude Defendants from participating as providers in all Federal health care programs until Defendants pay the Judgment, plus interest, compounded monthly. HHS-OIG will provide written notice of any such exclusion to Defendants. Defendants waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7) and agree not to contest any exclusion for default of this Consent Judgment either administratively or in any state or federal court. Reinstatement to program participation is not automatic if HHS-OIG excludes Defendants. If, at the end of the period of exclusion, Defendants wish to apply for reinstatement, Defendants must submit a written request for reinstatement to HHS-OIG in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Defendants will not be reinstated unless and until HHS-OIG approves such request for reinstatement. The option for exclusion for default is in addition to, and not in lieu of, the options identified in this consent judgment or otherwise available.

2. COLLECTION: The United States will not pursue any affirmative attempt to collect the Judgment in the absence of an Uncured Default. Fed. R. Civ. P. 60(b). Nonetheless, immediately upon entry of this Consent Judgment, the United States may file a judgment lien in any county in which any Defendant is the owner of record of property (including properties where the titled owner is an entity in which any Defendant has an ownership interest) and such lien(s)

CONSENT JUDGMENT - 8

shall be paid and treated as any other valid lien according to its/their priority even if there is no default. The Parties agree that any filed lien attaches to and is perfected against any such property. The United States will not foreclose on any such lien absent an Uncured Default.

IT IS SO ORDERED.

DATED: January 3, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge